# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

ROSE JACOBSON,

    Plaintiff,

v.

DIVERSIFIED ADJUSTMENT SERVICE, INCORPORATED,
a Minnesota corporation,

    Defendant.

## COMPLAINT

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff Rose Jacobson is a natural person.

8. The Plaintiff resides in the City of Wheat Ridge, County of Jefferson, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11. Defendant Diversified Adjustment Service, Incorporated is a Minnesota corporation operating from an address at 600 Coon Rapids Boulevard, Coon Rapids, Minnesota, 55433.

12. The Defendant's registered agent in the state of Colorado is Registered Agent Solutions, Inc., 36 S. 18th Avenue, Suite D, Brighton, Colorado, 80601.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The Defendant is licensed as a collection agency by the state of Colorado.

15. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## **FACTUAL ALLEGATIONS**

18. Sometime before 2013 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family and household purposes namely an amount due and owing on a personal account owed to Xcel Energy (hereinafter the "Account").

19. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. The Account went into default with Xcel Energy.

21. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

22. The Account was placed or otherwise transferred to the Defendant for collection.

23. The Defendant's account / reference number for the Account is 17355735.

24. The Plaintiff disputes the Account.

25. The Plaintiff requests that the Defendant cease all further communication on the Account.

26. The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

27. The Defendant acted at all times mentioned herein through its employee(s).

28. In the year prior to the filing of the instant action the Plaintiff had telephone conversation(s) with the Defendant regarding the Account while the Defendant was attempting to collect the Account.

29. On October 1, 2013 the Plaintiff had a telephone conversation regarding the Account with the Defendant via its employee(s).

30. During the telephone conversation on October 1, 2013 between the Defendant and the Plaintiff regarding the Account the Defendant via its employee informed the Plaintiff that the Defendant had the Plaintiff's Xcel Energy Account and stated the balance on the Account.

31. During the telephone conversation on October 1, 2013 between the Plaintiff and the Defendant regarding the Account, the Plaintiff disputed the Account.

32. During the telephone conversation on October 1, 2013 between the Plaintiff and the Defendant regarding the Account, the Plaintiff disputed the Account with the Defendant.

33. During the telephone conversation on October 1, 2013 between the Plaintiff and the Defendant regarding the Account, the Plaintiff notified the Defendant that the Account is disputed.

34. During the telephone conversation on October 1, 2013 between the Plaintiff and the Defendant regarding the Account, the Plaintiff informed the Defendant that the Account is disputed.

35. The Defendant was informed that the Account was disputed on October 1, 2013.

36. The Defendant was aware that the Account was disputed on October 1, 2013.

37. After October 1, 2013 the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian, a credit reporting agency.

38. After October 1, 2013 the Defendant communicated to Experian the balance on the Account.

39. After October 1, 2013 the Defendant communicated to Experian that the Original Creditor on the Account was: XCEL ENERGY.

40. After October 1, 2013 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Experian the Defendant did not communicate to Experian that the Account was disputed.

41. The information regarding the Account communicated to Experian by the Defendant after October 1, 2013 conveyed information regarding the Account directly or indirectly to Experian.

42. The information regarding the Account communicated to Experian by the Defendant after October 1, 2013 constituted a "communication" as defined by FDCPA § 1692a(2).

43. The Defendant communicated the information regarding the Account after October 1, 2013 to Experian in connection with the collection of the Account.

44. After October 1, 2013 the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Equifax, a credit reporting agency.

45. After October 1, 2013 the Defendant communicated to Equifax the balance on the Account.

46. After October 1, 2013 the Defendant communicated to Equifax that the Original Creditor on the Account was: XCEL ENERGY.

47. After October 1, 2013 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Equifax the Defendant did not communicate to Equifax that the Account was disputed.

48. The information regarding the Account communicated to Equifax by the Defendant after October 1, 2013 conveyed information regarding the Account directly or indirectly to Equifax.

49. The information regarding the Account communicated to Equifax by the Defendant after October 1, 2013 constituted a "communication" as defined by FDCPA § 1692a(2).

50. The Defendant communicated the information regarding the Account after October 1, 2013 to Equifax in connection with the collection of the Account.

51. After October 1, 2013 the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Transunion, a credit reporting agency.

52. After October 1, 2013 the Defendant communicated to Transunion the balance on the Account.

53. After October 1, 2013 the Defendant communicated to Transunion that the Original Creditor on the Account was: XCEL ENERGY.

54. After October 1, 2013 when the Defendant communicated information regarding the Account, including the name of the original creditor on the Account and the balance due on the Account, to Transunion the Defendant did not communicate to Transunion that the Account was disputed.

55. The information regarding the Account communicated to Transunion by the Defendant after October 1, 2013 conveyed information regarding the Account directly or indirectly to Transunion.

56. The information regarding the Account communicated to Transunion by the Defendant after October 1, 2013 constituted a "communication" as defined by FDCPA § 1692a(2).

57. The Defendant communicated the information regarding the Account after October 1, 2013 to Transunion in connection with the collection of the Account.

58. After October 1, 2013 the Defendant communicated information regarding the Account to Xcel Energy.

59. After October 1, 2013 the Defendant communicated to Xcel Energy the balance on the Account.

60. After October 1, 2013 the Defendant communicated to Xcel Energy that a payment had been made on the Account.

61. After October 1, 2013 the Defendant communicated to Xcel Energy that a $25.00 payment had been made on the Account.

62. After October 1, 2013 when the Defendant communicated information regarding the Account to Xcel Energy the Defendant did not communicate to Xcel Energy that the Account was disputed.

63. The information regarding the Account communicated to Xcel Energy by the Defendant after October 1, 2013 conveyed information regarding the Account directly or indirectly to Xcel Energy.

64. The information regarding the Account communicated to Xcel Energy after October 1, 2013 constituted a "communication" as defined by FDCPA § 1692a(2).

65. The Defendant communicated the information regarding the Account after October 1, 2013 to Xcel Energy in connection with the collection of the Account.

66. Upon information and belief in 2013 and/or 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect to Experian.

67. Upon information and belief in 2013 and/or 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect to Equifax.

68. Upon information and belief in 2013 and/or 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect to Transunion.

69. Upon information and belief in 2013 and/or 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect from individuals residing in the state of Colorado to Experian.

70. Upon information and belief in 2013 and/or 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect from individuals residing in the state of Colorado to Equifax.

71. Upon information and belief in 2013 and/or 2014 the Defendant regularly reported information on Account(s) that it was attempting to collect from individuals residing in the state of Colorado to Transunion.

72. Upon information and belief in 2013 and/or 2014 the Defendant reported information to Experian on Account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

73. Upon information and belief in 2013 and/or 2014 the Defendant reported information to Equifax on Account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

74. Upon information and belief in 2013 and/or 2014 the Defendant reported information to Transunion on Account(s) that it was attempting to collect from over 100 individuals residing in the state of Colorado.

75. The telephone conversation on October 1, 2013 between the Plaintiff and the Defendant and / or employee(s) of the Defendant conveyed information regarding the Account directly or indirectly to the Plaintiff.

76. The telephone conversation on October 1, 2013 between the Plaintiff and the Defendant and / or employee(s) of the Defendant constituted a "communication" as defined by FDCPA § 1692a(2).

77. On information and belief the Defendant made an audio recording and/or audio recording(s) of its telephone conversation(s) with the Plaintiff regarding the Account on October 1, 2013.

78. On information and belief the Defendant has a copy and/or copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff regarding the Account on October 1, 2013.

79. On information and belief the Defendant made audio recording(s) of some of its telephone conversation(s) with the Plaintiff regarding the Account in the year prior to the filing of the instant action.

80. On information and belief the Defendant has a copy or copies of some of the audio recording(s) of its telephone conversation(s) with the Plaintiff regarding the Account in the year prior to the filing of the instant action.

81. On information and belief the Defendant made audio recording(s) of all of its telephone conversation(s) with the Plaintiff regarding the Account in the year prior to the filing of the instant action.

82. On information and belief the Defendant has a copy and/or copies of the audio recording(s) of all of its telephone conversation(s) with the Plaintiff regarding the Account in the year prior to the filing of the instant action.

83. On information and belief the Defendant's copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff regarding the Account in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

84. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian regarding the Account.

85. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Equifax regarding the Account.

86. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Transunion regarding the Account.

87. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian regarding the Account after October 1, 2013.

88. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Equifax on the Account after October 1, 2013.

89. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Transunion on the Account after October 1, 2013.

90. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Experian regarding the Account in 2014.

91. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Equifax on the Account in 2014.

92. On information and belief the Defendant has electronic record(s) and/or computer record(s) and/or paper copy(s) of the information that it provided to Transunion on the Account in 2014.

93. The Defendant did not communicate to Experian that the Account is disputed on or before September 30, 2014.

94. The Defendant did not communicate to Equifax that the Account is disputed on or before September 30, 2014.

95. The Defendant did not communicate to Transunion that the Account is disputed on or before September 30, 2014.

96. The Defendant did not communicate to Xcel Energy that the Account is disputed on or before September 30, 2014.

97. The Defendant's statement(s) and/or action(s) and/or omission(s) constitute false and/or misleading representation(s) and/or mean(s) and violate FDCPA 1692e preface and/or e(2)(A) and/or e(8) and/or e(10).

98. Credit reporting constitutes an attempt to collect a debt. See, e.g., Rivera v. Bank One, 145 F.R.D. 614, 623 (D.P.R. 1993)(a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed, in part, to wrench compliance with payment terms from its cardholder"); Matter of Sommersdorf, 139 B.R. 700, 701 (Bankr.S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 (D.Utah 1997).

99. "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." <u>Smith v. National Credit Systems, Inc.</u>, 807 F.Supp.2d 836, 840 (D.Az. 2011).

100. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." <u>Doshay v. Global Credit and Collection Corporation</u>, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

101. Federal Courts have found this type of conduct violates the FDCPA. *See,* <u>Brady v. Credit Recovery Co.</u>, 160 F.3d 64 (1st Cir. 1998), <u>Smith v. National Credit Systems, Inc.</u>, 807 F.Supp. 2d 836 (D.Ariz. 2011), <u>Sullivan v. Equifax, Inc.</u>, 2002 U.S. Dist. LEXIS 7884 (E.D.PA. April 19, 2002), <u>Perez v. Telecheck Servs., Inc.</u>, 208 F.Supp. 2d 1153 (D.Nev. 2002) and <u>Hoffman v. Partners in Collections, Inc.</u>, 1993 WL 358158 (N.D.IL. September 14, 1993).

102. As a consequence of the Defendant's action(s) in the year prior to to filing of the instant action, the Plaintiff seeks damages pursuant to FDCPA § 1692k(a).

### **COUNT I, FDCPA VIOLATION**

103. The previous paragraphs are incorporated into this Count as if set forth in full.

104. The statement(s) and/or act(s) and/or omission(s) of the Defendant constitute a violation of the FDCPA § 1692e preface and/or e(2)(A)

    and/or e(8) and/or e(10).

105. Pursuant to FDCPA § 1692k the Plaintiff seeks damages, costs and reasonable attorney's fees.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1. Judgment in favor of the Plaintiff and against the Defendant.
2. Damages pursuant to 15 U.S.C. § 1692k(a).
3. Reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).
4. Costs pursuant to 15 U.S.C. § 1692k(a)(3).
5. Post Judgment Interest.

    Respectfully submitted,

    s/ David M. Larson
    David M. Larson, Esq.
    88 Inverness Circle East, Suite E-102
    Englewood, CO 80112
    (303) 799-6895
    Attorney for the Plaintiff